1  **CLARK HILL LLP**
   BRADFORD G. HUGHES (SBN 247141)
2  bhughes@ClarkHill.com
   MARYAM DANISHWAR (SBN 259102)
3  mdanishwar@ClarkHill.com
   555 South Flower Street, 24th Floor
4  Los Angeles, CA 90071
   Telephone:  (213) 891-9100
5  Facsimile:  (213) 488-1178

6  Attorneys for Defendant BOTTLED SCIENCE INC.
   d/b/a SKINADE
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| RICHARD BELL, on behalf of himself and all others similarly situated, | Case No.   2:22-cv-02322 |
| | Judge: |
| Plaintiff, | **DEFENDANT NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 AND 1441; DECLARATION OF MARYAM DANISHWAR** |
| v. | |
| BOTTLED SCIENCE INC. d/b/a SKINADE, and DOES 1-10, inclusive, | *[Filed concurrently with Civil Cover Sheet; Corporate Disclosure Statement and Certificate of Interested Parties]* |
| Defendant. | |

18   **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

19   **DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF**

20   **RECORD:**

21          **PLEASE TAKE NOTICE** that defendant BOTTLED SCIENCE INC. d/b/a

22   SKINADE ("Defendant") hereby remove the above-entitled civil action from the

23   Superior Court of California, for the County of Los Angeles, to the United States

24   District Court for the Central District of California, Eastern Division, pursuant to 28

25   U.S.C. §§ 1332 and 1441.  Removal is proper because complete diversity of

26   citizenship exists between plaintiff RICHARD BELL ("Plaintiff"), on one hand, and

27   Defendant on the other hand, and the amount in controversy exceeds the sum of

28   $75,000, exclusive of interest and costs.  In support of this Notice of Removal,

                                         1

Defendant further state:

## I.    BACKGROUND

1.    On March 3, 2022, Plaintiff filed a complaint ("Complaint") in the Superior Court of California for the County of Los Angeles, entitled "*Richard Bell, on behalf of himself and all others similarly situated, v. Bottled Science, Inc. dba Skinade, et al.*," designated as Case Number 22STCV07754.   By way of the Complaint, Plaintiff alleges claims for violations of California's Unfair Competition Law (Business and Professions Code §§ 17200, et seq.).

2.    On March 7, 2020, Plaintiff served Bottled Science, Inc.  with the Complaint. A true and correct copy of the Summons, Complaint, and Certificate of Assignment are attached to the Declaration of Maryam Danishwar as Exhibit 1.

## II.    TIMELINESS OF REMOVAL

3.    This Notice of Removal is timely because it is being filed within thirty days of Plaintiff's service of the Complaint, and within one year of the commencement of this action pursuant to 28 U.S.C. § 1446(b).  (See Declaration of Maryam Danishwar ["Danishwar Decl."], Ex. 1, Plaintiff's Complaint.)

## III.    PROCEEDINGS IN STATE COURT

4.    As of the date of filing this Notice of Removal, there are no pending hearings before the Superior Court of California for the County of Los Angeles with respect to the state court action, other than the Initial Status Conference, which is set for April 7, 2022.  (Danishwar Decl., ¶ 5.)

## IV.    JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

5.    The Court has original jurisdiction of this action under 28 U.S.C. § 1332.  As described in further detail below, this action is removable pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

DEFENDANT NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 AND 1441; DECLARATION OF MARYAM DANISHWAR

CASE NO.

**A.    Complete Diversity Exists Between Plaintiffs and Defendant**

6.    <u>Plaintiff Richard Bell is a citizen of California</u>.   For purposes of removal, a natural person is considered a citizen of the state of domicile.   *Kantor v. Wellesley Galleries, Ltd*, 704 F.2d 1088, 1090 (9th Cir. 1983).   On information and belief, Plaintiff is and was at time of filing this action a citizen of the state of California.

7.    <u>Defendant Bottled Science, Inc.  is a citizen of Delaware with its principal place of business in Virginia</u>.   A corporation is deemed a citizen of every state in which it is incorporated and has its principal place of business.   28 U.S.C. § 1332(c)(1).   Sharp is, was, and at all times relevant, has been a corporation incorporated under the laws of the state of Wyoming.   (Danishwar Decl., ¶ 6.)   Although BOTTLED SCIENCE INC., is authorized to conduct business in the state of California, its principal place of business is in Virginia.   (Danishwar Dec., ¶ 6.)

8.    <u>Citizenship of DOE defendants are disregarded</u>.   The residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.   See 28 U.S.C. § 1441(b)(1) (stating, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded").   The existence of DOE defendants 1 through 10 does not deprive this Court of jurisdiction.

9.    Because Plaintiff is a citizen of the state of California and Defendant is a citizen of Delaware, complete diversity between the parties exists.

**B.    The Amount in Controversy Exceeds $75,000**

10.    While Defendant denies liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000.   See *Sanchez v. Monumental Life Ins*., 102 F.3d 398, 403-404 (9th Cir. 1996) (finding the defendant must plead "that it is 'more likely than not' that the amount in controversy exceeds [the

threshold] amount" (internal quotations and citations omitted)).

11.     As the Ninth Circuit explains, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).  In order to establish the amount in controversy, a defendant may state underlying facts supporting its assertion that the amount exceeds the jurisdictional threshold. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

12.     In determining the amount in controversy, a court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998).

13.     Plaintiff's Complaint alleges damages on behalf of himself and a class of members he contends are similarly situated.  Plaintiff's Complaint alleges that Plaintiff and similarly situated Class members are entitled to enforce all applicable penalty provisions pursuant to Cal. Bus. & Prof. Code § 17202, and to obtain injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203.  (Danishwar Decl., ¶ 3, Ex. 1, Complaint p. 16.)  Plaintiff's prayer for damages includes a preliminary and permanent injunction, damages and reasonable attorneys' fees and costs and other expenses of suit pursuant to California Code of Civil Procedure § 1021.5, and/or other applicable law.  (Danishwar Decl., ¶ 3, Ex. 1, Complaint p. 16.)  Because Plaintiff has failed to specifically allege his damages, Defendant is forced to rely n external facts to support their assertion that the amount exceeds the jurisdictional threshold. See *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

## V.     **VENUE**

14.     Without waiving Defendant's right to challenge, among other things, personal jurisdiction by way of motion, responsive pleadings, or otherwise, venue for this removed action lies in the Central District of California pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(c).  Plaintiff brought this action in the Superior Court of

4

the State of California, County of Los Angeles, which is located within the Central District of the State of California.  Venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## VI.   SERVICE OF NOTICE OF REMOVAL ON PLAINTIFFS AND THE CLERK OF THE SUPERIOR COURT

16.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, in the state court action.

17.    This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after those papers are filed and served.

18.    In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached to the Danishwar Declaration as Exhibit 1.

///
///
///
///
///
///
///
///
///
///
///
///

DEFENDANT NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 AND 1441; DECLARATION OF MARYAM DANISHWAR

CASE NO.

## VII.   **PRAYER FOR REMOVAL**

19.    WHEREFORE, Defendant files this Notice of Removal of this action from the Superior Court of the State of California, County of Los Angeles, in which it is now pending, to the United States District Court for the Central District of California, Eastern Division.

21.    Defendant hereby requests that this Court exercise jurisdiction over all further proceedings in this action.

22.    Defendant hereby provides notice of and demand a jury trial in the above-captioned matter.

Dated:  April 6, 2022                    CLARK HILL LLP


By: _____
                                                        Bradford G. Hughes
                                                        Maryam Danishwar

                                                        Attorneys for Defendant BOTTLED
                                                        SCIENCE INC. d/b/a SKINADE

DEFENDANT NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 AND 1441; DECLARATION OF MARYAM DANISHWAR
                                                                                                          CASE NO.

CLARKHILL\L1351\442159\266586755.v1-4/6/22

1

## DECLARATION OF MARYAM DANISHWAR

2     I, Maryam Danishwar, declare as follows:

3     1.     I am an attorney at law, duly licensed to practice before the courts of

4  the State of California.  I am an associate with the law firm of Clark Hill LLP,

5  attorneys of record for defendant BOTTLED SCIENCE INC. d/b/a SKINADE

6  ("Defendant").

7     2.     I submit this declaration in support of Defendant's Notice of Removal

8  Pursuant to 28 U.S.C. §§ 1332 and 1441.  I have personal knowledge of the facts

9  stated herein and could and would testify competently thereto if called as a witness

10  in this matter.

11     3.     On March 7, 2022, plaintiff Richard Bell ("Plaintiff") served Defendant

12  with the complaint filed in the Superior Court of California for the County of Los

13  Angeles, entitled "*Richard Bell, on behalf of himself and all others similarly*

14  *situated, v. Bottled Science, Inc. dba Skinade, et al.*" ("Complaint").  A true and

15  correct copy of the Summons, Complaint, Statement of Damages, and all pleadings

16  served on Defendant is attached to this Declaration as Exhibit 1.

17     4.     The Complaint alleges claims for violations of California's Unfair

18  Competition Law (Business and Professions Code §§  17200, et seq.)

19     5.     As of the date of filing this Notice of Removal, there are no pending

20  hearings before the Superior Court of California for the County of Los Angeles with

21  respect to the state court action, other than the Initial Status Conference, which is set

22  for April 6, 2022.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

DEFENDANT NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 AND 1441; DECLARATION OF
MARYAM DANISHWAR

CASE NO.

6.     BOTTLED SCIENCE INC. d/b/a SKINADE was, is, and at all times relevant, has been a corporation incorporated under the laws of the state of Delaware with its principal place of business in Virginia.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed on April 6, 2022, at Los Angeles, California.

Maryam Danishwar

DEFENDANT NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 AND 1441; DECLARATION OF MARYAM DANISHWAR

CASE NO.

CLARKHILL\L1351\442159\266586755.v1-4/6/22

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document(s) with the Clerk of the Court for the United States District Court, Central District of California, by using the Court's CM/ECF system on April 6, 2022

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

/s/ Hiba Hammad
Hiba Hammad

DEFENDANT NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 AND 1441; DECLARATION OF
MARYAM DANISHWAR
CASE NO.

CLARKHILL\L1351\442159\266586755.v1-4/6/22