# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 04/06/2022 02:50 PM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Smith,Deputy Clerk

1   Bradford G. Hughes, Esq., SBN 247141
    Maryam Danishwar, Esq., SBN 259102
2   **CLARK HILL LLP**
    555 South Flower Street, 24th Floor
3   Los Angeles, CA 90071
    Telephone:    (213) 891-9100
4   Facsimile:    (213) 488-1178
    bhughes@ClarkHill.com
5   mdanishwar@ClarkHill.com

6   Attorneys for Defendant BOTTLED SCIENCE INC. d/b/a SKINADE

7

8             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                     **COUNTY OF LOS ANGELES**

10

11  RICHARD BELL, on behalf of himself and all      Case No. 22STCV07754
    others similarly situated, ,
12                                                   **DEFENDANT'S ANSWER TO CLASS**
                          Plaintiff,                 **ACTION COMPLAINT FOR DAMAGES**
13
          v.                                         Assigned to:   Hon. David S. Cunningham
14                                                   Dept.:  11
    BOTTLED SCIENCE INC. d/b/a SKINADE,
15  and DOES 1-10, inclusive,                        Complaint Filed:  March 3, 2022
                                                     Trial Date:       NONE
16                        Defendants.

17

18        Defendant BOTTLED SCIENCE INC. d/b/a SKINADE, ("Defendant"), now answers the Class

19  Action Complaint for Damages (the "Complaint") filed by Plaintiff RICHARD BELL, ("Plaintiff") in

20  Case Number 22STCV07754 and denies any and all such allegations, and further admits or denies the

21  specific allegations of the Complaint and states all applicable affirmative defenses, as follows:

22                              **GENERAL DENIAL**

23        Pursuant to Section 431.30(d) of the *Code of Civil Procedure* ("C.C.P.") Defendant denies

24  generally and specifically each and every allegation in the Complaint.  Defendant further denies that

25  Plaintiff has been damaged in the sum alleged in the Complaint, in any other sum, or at all.  Without

26  assuming the burden of proof as to any matter on which Plaintiffs bear such burden, Defendant alleges

27  for its defenses as follows:

28  *///*

                                      1

**FIRST AFFIRMATIVE DEFENSE**

1.      Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action (C.C.P. § 430.10(e)). The Complaint fails to adequately provide a "statement of facts constituting the cause of action, in ordinary and concise language."  (C.C.P. § 425.10(a)(1))

**SECOND AFFIRMATIVE DEFENSE**

2.      To the extent applicable, Plaintiff's claims are barred by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

3.      To the extent applicable, Plaintiff lacks standing, including but not limited to because Plaintiff cannot represent and protect the interests of the alleged class.  Plaintiff is not similarly situated to the other allege class members united by a common interest. (C.C.P. § 382)

**FOURTH AFFIRMATIVE DEFENSE**

4.      No relief may be obtained under the complaint by reason of the doctrine of unclean hands and by reason of the unconscionability of the Plaintiff's acts and claims to the extent that Plaintiff concealed any alleged violations, failed to notify Defendant of any alleged violation which prevented Defendant from acquiring the requisite knowledge of any violations stated in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

5.      The damages sought by the named Plaintiff in a representative capacity cannot be recovered without specific proof by each alleged class member that each such individual has been injured.

**SIXTH AFFIRMATIVE DEFENSE**

6.      An award of damages and/or restitution against Defendant without individualized proof of entitlement to damages would violate the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

**SEVENTH AFFIRMATIVE DEFENSE**

7.      To the extent Plaintiff seeks any relief in a purely representative capacity under Business & Professions Code Section 17200 as to transactions other than their own, such relief is improper in light of the inherently individualized nature of the determination that such transactions were unlawful,

unfair and/or fraudulent, and would offend the Due Process Clause of the United States Constitution and other norms governing this action.

### EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff failed to take reasonable steps to protect themselves from the damage alleged in the Complaint and have failed to mitigate any such alleged damage.

### NINTH AFFIRMATIVE DEFENSE

9.      The Complaint is barred by the doctrines of waiver, estoppel, consent, and ratification because Plaintiff was aware of and thereafter consented to, and ratified and/or benefited from, the conduct of which they now complain and are thus precluded from maintaining this action.

### TENTH AFFIRMATIVE DEFENSE

10.      The Complaint is barred by accord and satisfaction by virtue of Plaintiffs' acceptance and retention of benefits from the conduct alleged in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

11.      The Complaint is barred by Plaintiffs' knowing and voluntary payment of the sums in dispute.

### TWELFTH AFFIRMATIVE DEFENSE

12.      Plaintiffs lack standing to seek injunctive and/or declaratory relief.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.      Plaintiffs are not entitled to injunctive and/or declaratory relief because they have an adequate remedy at law.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.      Claims of putative class members are barred by some or all of the defenses that bar Plaintiffs' claims.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.      The Complaint is uncertain to the extent that Plaintiff failed to adequately define the proposed class.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.      Claims of some putative class members may be barred by setoff and/or recoupment.

3

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.     Plaintiff and the members of the purported class have not sustained the required injury in fact and/or lost the requisite money or property necessary to confer standing pursuant to California Business & Professions Code sections 17200, et seq.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.     Plaintiff's claims, and those of the purported class, are barred because this action is not properly maintainable as a class action as alleged by Plaintiff.

**NINETEENTH AFFIRMATIVE DEFENSE**

19.     Plaintiff's claims, and those of the purported class, are barred, in whole or in part, because Plaintiff is not a proper class representative.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.     The Complaint and each of its purported causes of action are barred, in whole or in part, because the alleged matters complained of were fully and adequately disclosed to Plaintiff and the members of the purported class.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.     Defendant reserves the right to assert further affirmative defenses as they become known through discover or investigation.

        WHEREFORE, Defendant hereby prays that this Court:

1.     Dismiss Plaintiff's Complaint;

2.     Grant Plaintiff and the alleged class action nothing by way of their Complaint;

3.     Award Defendant its reasonable costs and attorney fees incurred herein; and,

4.     Enter judgment in favor of Defendant; and

5.     Grant such other and further relief as this Court deems just and proper.

 Dated:  April 6, 2022                    CLARK HILL LLP

                                          By: _____
                                              Bradford G. Hughes
                                              Maryam Danishwar
                                          Attorneys for Defendant BOTTLED SCIENCE INC.
                                          d/b/a SKINADE

**PROOF OF SERVICE**

I am a citizen of the United States and resident of the State of California. I am employed in Los Angeles, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years and not a party to the within action.

On April 6, 2022, I served the following documents in the manner described below:

**DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT FOR DAMAGES**

☐   (BY U.S. MAIL) I am personally and readily familiar with the business practice of Clark Hill LLP for collection and processing of correspondence for mailing with the United States Parcel Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Los Angeles, California.

☐   (BY OVERNIGHT MAIL) I am personally and readily familiar with the business practice of Clark Hill LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

☐   BY ELECTRONIC SERVICE: By electronically mailing a true and correct copy through Clark Hill LLP's electronic mail system from mdanishwar@ClarkHill.com to the email addresses set forth below.

☐   (BY PERSONAL DELIVERY) I caused such envelope to be delivered by hand to the offices of each addressee below.

On the following part(ies) in this action:

Evan J. Smith, Esq.                          Email: esmith@brodskysmith.com
Ryan P. Cardona, Esq.                        rcardona@brodskysmith.com
Brodsky Smith
9595 Wilshire Blvd., Suite 900               ***Attorneys for Plaintiff***
Beverly Hills, CA 90212
Tel: (877) 534-2590
Fax: (310) 247-0160

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 6, 2022, at Los Angeles, California.

_Hiba Hammad_
_____
Hiba Hammad

1   Bradford G. Hughes, Esq., SBN 247141
    Maryam Danishwar, Esq., SBN 259102
2   **CLARK HILL LLP**
    555 South Flower Street, 24th Floor
3   Los Angeles, CA 90071
    Telephone:    (213) 891-9100
4   Facsimile:    (213) 488-1178
    bhughes@ClarkHill.com
5   mdanishwar@ClarkHill.com

6   Attorneys for Defendant BOTTLED SCIENCE INC. d/b/a SKINADE

7

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **COUNTY OF LOS ANGELES**

10

11  RICHARD BELL, on behalf of himself and all        Case No. 22STCV07754
    others similarly situated,
12                                                      **DEFENDANT'S NOTICE OF REMOVAL**
                        Plaintiff,                      **PURSUANT TO 28 U.S.C. §§1332 AND 1441;**
13                                                      **DECLARATION OF MARYAM**
        v.                                              **DANISHWAR**
14
    BOTTLED SCIENCE INC. d/b/a SKINADE,                Assigned to:   Hon. David S. Cunningham
15  and DOES 1-10, inclusive,                          Dept.:   11

16                      Defendants.                     Complaint Filed:  March 3, 2022
                                                        Trial Date:       NONE
17

18         **TO THE COURT, PLAINTIFF, AND ITS COUNSEL OF RECORD:**

19         **PLEASE TAKE NOTICE** that defendant BOTTLED SCIENCE INC. d/b/a SKINADE

20  ("Defendant") hereby remove the above-entitled civil action from the Superior Court of California, for

21  the County of Los Angeles, to the United States District Court for the Central District of California,

22  Eastern Division, pursuant to 28 U.S.C. §§ 1332 and 1441.  Removal is proper because complete

23  diversity of citizenship exists between plaintiff RICHARD BELL ("Plaintiff"), on one hand, and

24  Defendant on the other hand, and the amount in controversy exceeds the sum of $75,000, exclusive of

25  interest and costs.  In support of this Notice of Removal, Defendant further state:

26      **I.    BACKGROUND**

27         1.    On March 3, 2022, Plaintiff filed a complaint ("Complaint") in the Superior Court of

28  California for the County of Los Angeles, entitled "*Richard Bell, on behalf of himself and all others*

                                              1
    DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§1332 AND 1441; DECLARATION OF
                                   MARYAM DANISHWAR

1  *similarly situated, v. Bottled Science, Inc. dba Skinade, et al.*," designated as Case Number

2  22STCV07754.  By way of the Complaint, Plaintiff alleges claims for violations of California's Unfair

3  Competition Law (Business and Professions Code §§  17200, et seq.)

4       2.     On March 7, 2020, Plaintiff served Bottled Science, Inc.  with the Complaint. A true

5  and correct copy of the Summons, Complaint, and Certificate of Assignment are attached to the

6  Declaration of Maryam Danishwar as Exhibit 1.

7       **II.**     **TIMELINESS OF REMOVAL**

8       3.     This Notice of Removal is timely because it is being filed within thirty days of Plaintiff's

9  service of the Complaint, and within one year of the commencement of this action pursuant to 28 U.S.C.

10  § 1446(b).  (See Declaration of Maryam Danishwar ["Danishwar Decl."], Ex. 1, Plaintiff's Complaint.)

11       **III.**     **PROCEEDINGS IN STATE COURT**

12       4.     As of the date of filing this Notice of Removal, there are no pending hearings before the

13  Superior Court of California for the County of Los Angeles with respect to the state court action, other

14  than the Initial Status Conference, which is set for April 7, 2022.  (Danishwar Decl., ¶ 5.)

15       **IV.**     **JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP**

16       5.     The Court has original jurisdiction of this action under 28 U.S.C. § 1332.  As described

17  in further detail below, this action is removable pursuant to the provisions of 28 U.S.C. § 1441(b) in

18  that it is a civil action between citizens of different states and the matter in controversy exceeds the

19  sum of $75,000, exclusive of interests and costs.

20       **A.**     **Complete Diversity Exists Between Plaintiffs and Defendant**

21       6.     Plaintiff Richard Bell is a citizen of California.  For purposes of removal, a natural

22  person is considered a citizen of the state of domicile.  *Kantor v. Wellesley Galleries, Ltd*, 704 F.2d

23  1088, 1090 (9th Cir. 1983).  On information and belief, Plaintiff is and was at time of filing this action

24  a citizen of the state of California.

25       7.     Defendant Bottled Science, Inc., is a citizen of Delaware with its principal place of

26  business in Virginia.  A corporation is deemed a citizen of every state in which it is incorporated and

27  has its principal place of business.  28 U.S.C. § 1332(c)(1).  Sharp is, was, and at all times relevant, has

28  been a corporation incorporated under the laws of the state of Wyoming.  (Danishwar Decl., ¶ 6.)

Although BOTTLED SCIENCE INC. is authorized to conduct business in the state of California, its principal place of business is in Virginia. (Danishwar Dec., ¶ 6.)

8.   <u>Citizenship of DOE defendants are disregarded</u>.   The residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  See 28 U.S.C. § 1441(b) (1) (stating, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded").  The existence of DOE defendants 1 through 10 does not deprive this Court of jurisdiction.

9.   Because Plaintiff is a citizen of the state of California and Defendant is a citizen of Delaware, complete diversity between the parties exists.

**B.     The Amount in Controversy Exceeds $75,000**

10.   While Defendant denies liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000.  See *Sanchez v. Monumental Life Ins*., 102 F.3d 398, 403-404 (9th Cir. 1996) (finding the defendant must plead "that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount" (internal quotations and citations omitted)).

11.   As the Ninth Circuit explains, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).  In order to establish the amount in controversy, a defendant may state underlying facts supporting its assertion that the amount exceeds the jurisdictional threshold.  *Gaus v. Miles, Inc*., 980 F.2d 564, 566-567 (9th Cir. 1992).

12.   In determining the amount in controversy, a court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees.  *Conrad Assocs. v. Hartford Accident & Indemnity Co*., 994 F.Supp. 1196, 1198 (N.D. Cal. 1998).

13.   Plaintiff's Complaint alleges damages on behalf of himself and a class of members he contends are similarly situated.  Plaintiff's Complaint alleges that Plaintiff and similarly situated Class members are entitled to enforce all applicable penalty provisions pursuant to Cal. Bus. & Prof. Code § 17202, and to obtain injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203.  (Danishwar Decl.,

3

¶ 3, Ex. 1, Complaint p. 16.)  Plaintiff's prayer for damages includes a preliminary and permanent injunction, damages and reasonable attorneys' fees and costs and other expenses of suit pursuant to California Code of Civil Procedure § 1021.5, and/or other applicable law.  (Danishwar Decl., ¶ 3, Ex. 1, Complaint p. 16.)  Because Plaintiff has failed to specifically allege his damages, Defendant is forced to rely on external facts to support their assertion that the amount exceeds the jurisdictional threshold. See *Gaus v. Miles, Inc*., 980 F.2d 564, 566-567 (9th Cir. 1992).

## V.    VENUE

14.    Without waiving Defendant's right to challenge, among other things, personal jurisdiction by way of motion, responsive pleadings, or otherwise, venue for this removed action lies in the Central District of California pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(c).  Plaintiff brought this action in the Superior Court of the State of California, County of San Bernardino, which is located within the Central District of the State of California.  Venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## VI.    SERVICE OF NOTICE OF REMOVAL ON PLAINTIFFS AND THE CLERK OF THE SUPERIOR COURT

15.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of San Bernardino, in the state court action.

16.    This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after those papers are filed and served.

17.    In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached to the Danishwar Declaration as Exhibit 1.

## VII.    PRAYER FOR REMOVAL

18.    WHEREFORE, Defendant files this Notice of Removal of this action from the Superior Court of the State of California, County of San Bernardino, in which it is now pending, to the United States District Court for the Central District of California, Eastern Division.

4

19.     Defendant hereby requests that this Court exercise jurisdiction over all further proceedings in this action.

20.     Defendant hereby provides notice of and demand a jury trial in the above-captioned matter.


 Dated:  April 6, 2022                            CLARK HILL LLP


                                                  By: _____
                                                      Bradford G. Hughes
                                                      Maryam Danishwar
                                                  Attorneys for Defendant BOTTLED SCIENCE INC.
                                                  d/b/a SKINADE

## DECLARATION OF MARYAM DANISHWAR

I, Maryam Danishwar, declare as follows:

1.      I am an attorney at law, duly licensed to practice before the courts of the State of California.  I am an associate with the law firm of Clark Hill LLP, attorneys of record for defendant BOTTLED SCIENCE INC. d/b/a SKINADE ("Defendant").

2.      I submit this declaration in support of Defendant's Notice of Removal Pursuant to 28 U.S.C. §§ 1332 and 1441.  I have personal knowledge of the facts stated herein and could and would testify competently thereto if called as a witness in this matter.

3.      On March 7, 2022, plaintiff Richard Bell ("Plaintiff") served Defendant with the complaint filed in the Superior Court of California for the County of Los Angeles, entitled "*Richard Bell, on behalf of himself and all others similarly situated, v. Bottled Science, Inc. dba Skinade, et al.*" ("Complaint").  A true and correct copy of the Summons, Complaint, Statement of Damages, and all pleadings served on Defendant is attached to this Declaration as Exhibit 1.

4.      The Complaint alleges claims for violations of California's Unfair Competition Law (Business and Professions Code §§   17200, et seq.)

5.      As of the date of filing this Notice of Removal, there are no pending hearings before the Superior Court of California for the County of Los Angeles with respect to the state court action, other than the Initial Status Conference, which is set for April 6, 2022.

6.      BOTTLED SCIENCE INC. d/b/a SKINADE was, is, and at all times relevant, has been a corporation incorporated under the laws of the state of Delaware with its principal place of business in Virginia.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed on April 6, 2022, at Los Angeles, California.

_____
Maryam Danishwar

DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§1332 AND 1441; DECLARATION OF MARYAM DANISHWAR

# EXHIBIT 1



# PROCESS SERVER DELIVERY DETAILS

**Date:**                     Mon, Mar 7, 2022

**Server Name:**              Jimmy Lizama

| Entity Served | BOTTLED SCIENCE INC. |
|---------------|----------------------|
| Case Number   | 22STCV07754          |
| Jurisdiction  | CA                   |



Electronically FILED by Superior Court of California, County of Los Angeles on 03/03/2022 02:49 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BOTTLED SCIENCE INC. d/b/a SKINADE, and DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RICHARD BELL, on behalf of himself and all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):*<br>22STCV07754 |
|---|---|

Superior Court of California - Los Angeles County
111 N. Hill St., Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Evan Smith(242352) Brodsky Smith, 9595 Wilshire Blvd., Ste 900, Beverly Hills, CA 90212  877-534-2590

| DATE:<br>*(Fecha)*   03/03/2022 | Sherri R. Carter Executive Officer / Clerk of Court<br>Clerk, by<br>*(Secretario)* _____ R. Lozano | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* BOTTLED SCIENCE INC. d/b/a SKINADE

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: David Cunningham

Electronically FILED by Superior Court of California, County of Los Angeles on 03/03/2022 02:49 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

1

2   Evan J. Smith, Esquire (SBN 242352)
    Ryan P. Cardona, Esquire (SBN 302113)
3   **BRODSKY SMITH**
    9595 Wilshire Blvd., Ste. 900
4   Beverly Hills, CA 90212
    Telephone: (877) 534-2590
5   Facsimile: (310) 247-0160

6   *Attorneys for Plaintiff*

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF LOS ANGELES

10  | RICHARD BELL, on behalf of himself | Case No.: 22STCV07754 |
11  | and all others similarly situated, | |
    | | CLASS ACTION COMPLAINT FOR: |
12  | Plaintiff, | |
    | | 1. VIOLATIONS OF CALIFORNIA'S |
13  | vs. | UNFAIR COMPETITION LAW (BUSINESS |
    | | AND PROFESSIONS CODE §§ 17200 et |
14  | BOTTLED SCIENCE INC. d/b/a | seq.) |
    | SKINADE, and DOES 1-10, inclusive, | |
15  | | **JURY TRIAL DEMANDED** |
    | Defendants. | |

16

17       Plaintiff Richard Bell ("Plaintiff"), by and through his attorneys, alleges the following

18  based upon personal knowledge as to his own acts, and upon information and belief and his

19  attorneys' investigation as to all other facts.

20       1.    Plaintiff, on behalf of himself and on behalf of a Class (defined herein) of California

21  citizens who purchased subscriptions for products (such as skincare oral supplement drinks and

22  other skin health items) from defendant Bottled Science Inc. d/b/a Skinade ("Skinade" or the

23  "Defendant"), brings this class action complaint for violations of California's Unfair Competition

24  Law, Bus. & Prof. Code §§ 17200 et seq. (the "UCL") based upon Skinade's violations of

25  California's Automatic Renewal Law, Bus & Prof. Code §§ 17600 et seq. (the "ARL"). The Class

26  includes all California citizens who purchased product subscriptions from Skinade within the

27  applicable statute of limitations period up to and include the date of judgment in this action (the

28

1  "Relevant Period"). Plaintiff and Class members are consumers for purposes of Cal. Bus. & Prof.

2  Code §§ 17600 - 17606.

3      2.      During the Relevant Period, Skinade made automatic renewal or continuous service

4  offers to consumers in California and (i) its website failed to contain automatic renewal offer terms

5  and/or contained automatic renewal offer terms that were not clearly and conspicuously disclosed

6  to users in violation of Cal Bus. & Prof. Code § 17601(c); (ii) at the time of making the automatic

7  renewal or continuous service offers, failed to present the terms of said offers in a clear and

8  conspicuous manner and in visual proximity to the request for consent to the offer before the

9  subscription or purchasing agreement was fulfilled in violation of Cal. Bus. & Prof. Code §

10  17602(a)(1); (iii) charged Plaintiff's and Class member's credit or debit cards, or third-party

11  account (the "Payment Method(s)") without first obtaining Plaintiff's and Class members'

12  affirmative consent to the agreement containing the automatic renewal offer terms or continuous

13  service offer terms in violation of Cal. Bus. & Prof. Code § 17602(a)(2); and (iv) failed to provide

14  an acknowledgment that includes the automatic renewal or continuous service offer terms,

15  cancellation policy, information regarding how to cancel in a manner that is capable of being

16  retained by the consumer in violation of Cal. Bus. & Prof. Code §§ 17602(a)(3), 17602(b). As a

17  result of such violations by Defendants, all goods, wares, merchandise, or products sent to Plaintiff

18  and Class Members under the automatic renewal or continuous service agreements are deemed to

19  be an unconditional gift pursuant to Cal. Bus. & Prof. Code § 17603.

20      3.      Plaintiff, on behalf of himself and the Class, declaratory relief, injunctive relief,

21  reasonable attorneys' fees, and any other relief that this Court deems necessary, just, proper, and

22  appropriate pursuant to Cal. Bus. & Prof. Code, §§ 1603, 17203, 17204, and Cal. Code. Civ. Pro.

23  § 1021.5.

24                    **STATUTORY BACKGROUND**

25      4.      As of December 1, 2010, the ARL has been in effect in California. The

26  Legislature's stated intent for enacting the ARL was "to end the practice of ongoing charging of

27  consumer credit or debit cards or third party payment accounts without the consumers' explicit

28

1  consent for ongoing shipments of a product or ongoing deliveries of service." Cal. Bus. & Prof.

2  Code § 17600.

3      5.      The ARL makes it unlawful for any business making an automatic renewal or

4  continuous service offer to a consumer in California to do any of the following:

> (a)(1) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer. If the offer also includes a free gift or trial, the offer shall include a clear and conspicuous explanation of the price that will be charged after the trial ends or the manner in which the subscription or purchasing agreement pricing will change upon conclusion of the trial;

> (a)(2) Charge the consumer's credit or debit card, or the consumer's account with a third party for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms, including the terms of an automatic renewal offer or continuous service offer that is made at a promotional or discounted price for a limited period of time; or

> (a)(3) Fail to provide an acknowledgment that includes the automatic renewal offer terms or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. If the automatic renewal offer or continuous service offer includes a free gift or trial, the business shall also disclose in the acknowledgment how to cancel, and allow the consumer to cancel, the automatic renewal or continuous service before the consumer pays for the goods or services.

*See*, Cal. Bus. & Prof. Code § 17602(a).

6.      The ARL defines the term "Automatic Renewal" as "a plan or arrangement in which a paid subscription or purchasing agreement is automatically renewed at the end of a definite term for a subsequent term." *See*, Cal. Bus. & Prof. Code § 17601(a).

7.      The ARL defines the term "Automatic renewal offer terms" as the "following clear and conspicuous disclosures":

> (a)     That the subscription or purchasing agreement will continue until the consumer cancels;

- 3 -
COMPLAINT

(b)     The description of the cancellation policy that applies to the offer;

(c)     The recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known;

(d)     The length of the automatic renewal term or that the service is continuous, unless the length of the term is chosen by the consumer; and

(e)     The minimum purchase obligation, if any.

*See*, Cal. Bus. & Prof. Code § 17601(b).

8.     The ARL defines "clear and conspicuous" or "clearly and conspicuously" to mean, "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language." *See*, Cal. Bus. & Prof. Code § 17601(c).

9.     The ARL mandates that such services shall be made readily cancellable by consumers, specifically stating, "A business that makes an automatic renewal offer or continuous service offer shall provide a toll-free telephone number, electronic mail address, a postal address if the seller directly bills the consumer, or it shall provide another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in the acknowledgment specified in paragraph (3) of subdivision (a)." *See*, Cal. Bus. & Prof. Code §17602(b).

10.     Furthermore, the ARL mandates that, "In addition to the requirements of subdivision (b), a consumer who accepts an automatic renewal or continuous service offer online shall be allowed to terminate the automatic renewal or continuous service exclusively online, which may include a termination email formatted and provided by the business that a consumer can send to the business without additional information." *See*, Cal. Bus. & Prof. Code § 17602(c).

11.     Pursuant to § 17603 of Cal. Bus. & Prof. Code, "In any case in which a business sends any goods, wares, merchandise, or products to a consumer, under a continuous service

- 4 -
COMPLAINT

1  agreement or automatic renewal of a purchase, without first obtaining the consumers affirmative

2  consent as described in § 17602, the goods, wares, merchandise, or products shall for all purposes

3  be deemed an unconditional gift to the consumer, who may use or dispose of the same in any

4  manner he or he sees fit without any obligation whatsoever on the consumer's part to the business,

5  including, but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares,

6  merchandise, or products to the business."

7  **PARTIES AND STANDING**

8  12.   Plaintiff is a citizen of California.  Plaintiff purchased a subscription plan from

9  Skinade's website and subscription skincare oral supplement drink product delivery service,

10  us.skinade.com, in California during the Relevant Period.  Plaintiff and Class Members are

11  consumers as defined under Cal. Bus. & Prof. Code § 17601(d).

12  13.   Plaintiff is informed and believes, and thereon alleges, that defendant Bottled

13  Science Inc. d/b/a Skinade is a Delaware Corporation with its principal place of business located

14  in Virginia.

15  14.   Plaintiff is informed and believes, and thereon alleges, that defendant Skinade

16  owns, operates, and provides to the public in California, the United States, and elsewhere,

17  us.skinade.com, and has done so throughout the Relevant Period.  The website us.skinade.com

18  provides access to a monthly subscription skincare oral supplement drink subscription delivery

19  service.  During the Relevant Period Defendant made, and continues to make, automatic renewal

20  or continuous service offers to consumers in California.  Skinade's automatic renewal and/or

21  continuous service plan is marketed and known as "Skinade".

22  15.   At all relevant times, each and every defendant was acting as an agent and/or

23  employee of each of the other defendants and was acting within the course and/or scope of said

24  agency and/or employment with the full knowledge and consent of each of the defendants.  Each

25  of the acts and/or omissions complained of herein were alleged and made known to, and ratified

26  by, each of the other defendants (Skinade and DOE Defendants will hereafter collectively be

27  referred to as "Defendants").

28

16.     The true name and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

### JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction over this action.  This Court has personal jurisdiction over Defendants because they conducted and continue to conduct substantial business in the State of California, County of Los Angeles, and Defendant's offending website is available across California.

18.     Venue is proper in this Court because Defendants conduct substantial business in this County.  Venue is also proper in this Court because a substantial portion of the misconduct alleged herein occurred in the County of Los Angeles, including the purchase of the Product by Plaintiff who is a resident of the County of Los Angeles.

### CLASS ACTION ALLEGATIONS

19.     Class actions are certified when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court.  Cal. Civ. Proc. Code § 382.  The California Supreme Court has stated that a class should be certified when the party seeking certification has demonstrated the existence of a "well-defined community of interest" among the members of the proposed class.  *Richmond v. Dart Indus., Inc.*, 29 Cal.3d 462, 470 (1981); *see also Daar v. Yellow Cab Co.*, 67 Cal.2d 695, 704 (1967).

20.     Class actions are especially valuable in a context such as this one, in which individual relief may be modest.  It is well settled that a plaintiff need not prove the merits of the action at the class certification stage.

21.     Rather, the decision of whether to certify a class is "essentially a procedural one" and the appropriate analysis is whether, assuming the merits of the claims, they are suitable for resolution on a class-wide basis:

1   As the focus in a certification dispute is on what types of questions common or
    individual are likely to arise in the action, rather than on the merits of the case, in
2   determining whether there is substantial evidence to support a trial court's
    certification order, we consider whether the theory of recovery advanced by the
3   proponents of certification is, as an analytical matter, likely to prove amenable to
4   class treatment.

5   *Sav-On Drug Stores, Inc. v. Superior Court*, 34 Cal.4th 319, 327 (2004) (citations omitted).

6          22.    In addition, the assessment of suitability for class certification entails addressing
7   whether a class action is superior to individual lawsuits or alternative procedures for resolving the
8   controversy.   *Capitol People First v. State Dept. of Developmental Services* (2007) 155
9   Cal.App.4th 676, 689.

10         23.    Plaintiff brings this action on behalf of himself, and on behalf of all others similarly
11  situated.  The Class consists of all persons within California that, within the applicable statute of
12  limitations period up to and including entry of judgment in this matter, purchased any product or
13  service in response to an offer constituting an "Automatic Renewal" as defined by § 1601(a) of
14  the ARL from Defendants, their predecessors, or their affiliates, via the website us.skinade.com
15  (the Class).

16         24.    Excluded from the Class are governmental entities, Defendants, any entity in which
17  Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal
18  representatives, employees, co-conspirators, successors, subsidiaries, and assigns, and individuals
19  bound by any prior settlement.  Also excluded from the Class is any judge, justice, or judicial
20  officer presiding over this matter.

21         25.    The members of the Class are so numerous that joinder of all members is
22  impracticable.  While the exact number and identities of Class members are unknown to Plaintiff
23  at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and
24  believes the Class includes thousands of members.  This amount likely reflects thousands of unique
25  customers, many of them California citizens, who have signed up for Defendants' auto-renewal
26  services.  Plaintiff alleges that the Class may be ascertained by the records maintained by
27  Defendants.

28

26.     Common questions of law and fact exist as to all members of the Class, and predominate over any questions affecting solely individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)     Whether the website contains automatic renewal offer terms and whether said automatic renewal offer terms, if they exist, are clearly and conspicuously disclosed to users. No renewal terms are shown during the checkout process. This is in violation of Cal Bus. & Prof. Code § 17601(c);

(b)     Whether during the Relevant Period Skinade failed to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner before the subscription or purchasing agreement was fulfilled and in visual proximity to the request for consent to the offer in violation of Cal. Bus. & Prof. Code § 17602(a)(1);

(c)     Whether during the Relevant Period Skinade charged Plaintiff's and Class Members' Payment Method(s) for an automatic renewal or continuous service without first obtaining Plaintiff's and Class Members' affirmative consent to the automatic renewal offer terms or continuous service offer terms in violation of Cal. Bus. & Prof Code § 17602(a)(2);

(d)     Whether during the Relevant Period Skinade failed to provide an acknowledgment that included the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members, in violation of Cal. Bus. & Prof. Code § 17602(a)(3);

(e)     Whether during the Relevant Period Skinade failed to provide an acknowledgment that describes a cost-effective, timely, and easy-to-use mechanism for cancellation in violation of Cal. Bus. & Prof. Code § 17602(b) and (c);

(f)     Whether Plaintiff and Class Members are entitled to injunctive relief under Cal. Bus. & Prof. Code § 17203;

(g)     Whether Plaintiff and Class Members are entitled to attorneys' fees and costs under California Code of Civil Procedure § 1021.5.

27.     Plaintiff's claims are typical of the claims of the members of the Class, as Plaintiff and members of the Class sustained and continue to sustain injuries arising out of Defendants' conduct or omissions in violation of state law as complained of herein.  Plaintiff, like all other members of the Class, claims that Defendants have violated state law by violating the ARL and UCL by, *inter alia* at the time of making an automatic renewal/continuous service offer, (i) operating a website that failed to contain automatic renewal offer terms and/or contained

1   automatic renewal offer terms that were not clearly and conspicuously disclosed to users in

2   violation of Cal Bus. & Prof. Code § 17601(c); (ii) failing to present the terms of said offers in a

3   clear and conspicuous manner and in visual proximity to the request for consent to the offer before

4   the subscription or purchasing agreement was fulfilled in violation of Cal. Bus. & Prof. Code §

5   17602(a)(1); (iii) charging Plaintiff's and Class member's Payment Method(s) without first

6   obtaining Plaintiff's and Class members' affirmative consent to the agreement containing the

7   automatic renewal offer terms or continuous service offer terms in violation of Cal. Bus. & Prof.

8   Code § 17602(a)(2); and (iv) failing to provide an acknowledgment that includes the automatic

9   renewal or continuous service offer terms, cancellation policy, and information regarding how to

10  cancel in a manner that is capable of being retained by the consumer in violation of Cal. Bus. &

11  Prof. Code §§ 17602(a)(3), 17602(b), and 17602(c).

12      28.     Plaintiff will fairly and adequately protect the interests of the members of the Class,

13  and has retained counsel competent and experienced in class action litigation.  Plaintiff has no

14  interests antagonistic to, or in conflict with, those of the Class.

15      29.     A class action is superior to other available methods for the fair and efficient

16  adjudication of the controversy, since joinder of all members is impracticable.  Furthermore,

17  because the damages suffered by the individual Class members may be relatively small, the

18  expense and burden of individual litigation make it impossible for members of the Class

19  individually to redress the wrongs done to them.

20      30.     There will be no difficulty in the management of this action as a class action.

21  Moreover, judicial economy will be served by the maintenance of this lawsuit as a class action,

22  in that it is likely to avoid the burden which would be otherwise placed upon the judicial system

23  by the filing of thousands of similar suits by disabled people across the California.  There are no

24  obstacles to effective and efficient management of the lawsuit as a class action.

25                          **RELEVANT FACTUAL BACKGROUND**

26  **Skinade's Business**

27      31.     Skinade offers, at its website, found at us.skinade.com, subscriptions for the

28  delivery of skincare oral supplement drink products, as well as related products.  Skinade

1  constitutes an automatic renewal and/or continuous service plan or arrangement pursuant to the

2  ARL. Cal. Bus. & Prof. Code § 17601(a).

3  **Plaintiff's Subscription**

4      32.    On November 1, 2021, Plaintiff visited Defendants' website, us.skinade.com, and

5  purchased online, "Derma Defense A&D 30 Day Supply x1" (the "Product(s)"). Plaintiff's credit

6  card incurred an $88.77 charge (inclusive of shipping and taxes) for the purchase of the Products.

7      33.    Also on November 1, 2021, after placing his order, Plaintiff received an email from

8  Skinade ("Email 1") that confirmed Skinade had received Plaintiff's order.

9      34.    On November 2, 2021, Plaintiff received an email from Skinade ("Email 2") that

10  indicated Plaintiff's order had shipped, and provided an order number and shipping tracking.

11      35.    Plaintiff received the first order of Products from Skinade shortly thereafter.

12      36.    On December 1, 2021, Plaintiff received an email of similar substance to Email 1

13  that indicated that a second order was placed.

14      37.    Thereafter, also on December 1, 2021, Plaintiff received an email of similar

15  substance to Email 2 that indicated a second order had shipped, and provided an order number and

16  shipping tracking.

17      38.    Shortly thereafter Plaintiff received a second order of Products from Skinade.

18      39.    From November 2021 through the present, Skinade has continually delivered the

19  Products to Plaintiff on a monthly basis.

20      40.    Because the "automatic renewal offer terms" (the "AROT") were not properly

21  disclosed Plaintiff did not understand the frequency at which he would continue to be charged

22  $88.77.

23      41.    Upon realizing the above, Plaintiff attempted to cancel his subscription online, but

24  was unable to do so as Skinade does not provide adequate information regarding their online

25  method of termination for its auto renewal or continuous service programs. Plaintiff is currently

26  being charged $88.77 per month by Defendants for services he does not wish to receive.

27

28

42.     As a result of Skinade not properly displaying the AROT at the time of purchase, or providing the AROT in subsequent emails, Plaintiff, unbeknownst to his, incurred at least five (5) monthly charges of $88.77 for Products he did not wish to receive.

**ARL VIOLATION 1 – Skinade Fails to Disclose the Automatic Renewal Offer Terms in a Clear and Conspicuous Manner in Violation of Cal. Bus. & Prof. Code § 17601**

43.     Skinade is required to "clearly and conspicuously" disclose the AROT, and said AROT must contain specific informational disclosures. *See*, Cal. Bus. & Prof. Code § 17601. Throughout the Relevant Period, Skinade has failed to meet this requirement.  Specifically, Defendant's website, us.skinade.com, does not appear to contain any AROT, or terms of similar nature, anywhere on the website.  Neither the "Terms & Conditions" page nor the "FAQs" page of Defendant's website (nor anywhere else on Defendant's website accessible to potential customers) contain any relevant information regarding Defendants automatic renewal/continuous service program, much less the information required of it by the ARL. Consequently, such relevant AROT information is not clearly and conspicuously disclosed at the point of sale.  Specifically there is no information present at the point of sale regarding (i) the term of the subscription or that it will continue until the customer cancels it, (ii) the description of the cancellation policy that applies to the offer, (iii) the recurring charges applicable including if that amount may change; (iv) the length of the automatic renewal term or if it is continuous; or (v) any applicable minimum purchase obligation. *See*, Cal. Bus. & Prof. Code § 17601(b).

**ARL VIOLATION 2 – Skinade Fails to Present the Automatic Renewal Offer Terms in a Clear and Conspicuous Manner Before the Subscription or Purchasing Agreement is Fulfilled and in Visual Proximity to the Request for Consent to the Offer in Violation of Cal. Bus. & Prof. Code § 17602(a)(1)**

44.     Skinade is required to "clearly and conspicuously" disclose the AROT on the checkout screen. *See*, Cal. Bus. & Prof. Code § 17602(a)(1).  Skinade does not do this.  In fact, at the checkout page of us.skinade.com there is no reference whatsoever to the AROT.

45.     Notably, as indicated above, there does not appear to be any complete AROT anywhere on Defendant's website.

46.     Specifically there is no information present at the point of sale, or anywhere else on Defendant's website, regarding (i) the term of the subscription or that it will continue until the

- 11 -
COMPLAINT

1  customer cancels it, (ii) the description of the cancellation policy that applies to the offer, (iii) the

2  recurring charges applicable including if that amount may change; (iv) the length of the automatic

3  renewal term or if it is continuous; or (v) any applicable minimum purchase obligation.  *See*, Cal.

4  Bus. & Prof. Code § 17601(b).

5      47.     Notably, the AROT are not displayed in a "clear and conspicuous" manner that

6  clearly calls attention to the language before the subscription or purchasing agreement is fulfilled

7  and in visual proximity thereto.  In order to properly comply with the terms of the ARL, Skinade

8  should put the information required by Cal. Bus. & Prof. Code § 17601(b) and place it directly on

9  the checkout screen in a manner designed to draw attention of the consumer.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

**ARL VIOLATION 3 – Skinade Fails to Obtain Affirmative Consent to the Automatic Renewal Offer Terms Before the Subscription or Purchasing Agreement is Fulfilled and Charged to the Plaintiff and Other Consumers in Violation of Cal. Bus. & Prof. Code § 17602(a)(2)**

48.     Skinade is required to obtain the "consumer's affirmative consent to the agreement containing the automatic renewal offer terms", and must obtain such affirmative consent before charging the consumer's Payment Method.

49.     "Affirmative consent" is an express act such as a check-box or similar button/mechanism that must be chosen/selected before the purchase order can be submitted/completed.[1]

50.     Again, at checkout, us.skinade.com only provides no statements whatsoever regarding the AROT or that the user is entering into a subscription or automatic renewal service. In addition, us.skinade.com fails to provide any check-box or similar mechanism to indicate that the consumer has read, understood and has affirmatively consented to the AROT or that the customer has agreed to the websites Terms and Conditions.

51.     As a result, during the Relevant Period, prior to charging Plaintiff's and Class members' Payment Method(s), Defendants failed to obtain Plaintiff's and Class members'

---

[1] California courts have provided judicial guidance as to what constitues "affirmative consent" under the ARL.  In both *eHarmony* and *Beachboy*, California courts have taken the position that affirmative consent under the ARL must be obtained through an "express act" by the consumer to consent to the terms of the automatic renewal contract.  In the final judgment against Beachbody, the court held that "consent is obtained by an express act by the consumer through a check-box, signature, express consent button or other substantially similar mechanism that consumers must select to give their consent.  This mechanism cannot relate to consent for anything other than the automatice renewal or continuous service offer terms." *People of the State of California v Beachbody LLC,* Case No. 55029222, Superior Court for the State of California, Los Angeles County (Aug. 24, 2017).  Similarly, in the final judgment against eHarmony the court reiterated this position stating that "consent is obtained by an express act by the consumer through a check-box, signature, or other substantially similar mechanism that consumers must affirmatively select or sign to accept the  AUTOMATIC RENEWAL OFFER TERMS and no other part of the transaction." *People of the State of California v eHarmony Inc.,* Case No. 17-cv-03314, Superior Court for the State of California, County of Santa Cruz (Jan. 8, 2018).

1    affirmative consent to the automatic renewal/continuous service offer terms as required by Cal.

2    Bus. & Prof. Code § 17602(a)(2).

3          52.    Because of Defendants' failure to gather affirmative consent to the automatic

4    renewal terms, all goods, wares, merchandise, or products sent to Plaintiff and Class members

5    under the automatic renewal/continuous service agreement are deemed to be an unconditional gift

6    pursuant to Cal. Bus. & Prof. Code § 17603, and Plaintiff and Class members may use or dispose

7    of the same in any manner they see fit without any obligation whatsoever on their part to

8    Defendants, including, but not limited to, bearing the cost of, or responsibility for, shipping any

9    goods, wares, merchandise or products.

10

11         **ARL VIOLATION 4 – Skinade Box Failed to Provide an Acknowledgment as
          Required by Cal. Bus. & Prof. Code § 17602(a)(3) and 17602(b)**

12         53.    Furthermore, and in addition to the above, after Plaintiff and Class members

13   subscribed to us.skinade.com, Defendants sent to Plaintiff and Class members email follow-ups to

14   their purchases, but has failed, and continues to fail, to provide an acknowledgment that includes

15   the automatic renewal offer terms or continuous service offer terms, cancellation policy, and

16   information regarding how to cancel in a manner that is capable of being retained by Plaintiff and

17   Class members in violation of Cal. Bus. & Prof. Code § 17602(a)(3), and 17602(b).

18                              **FIRST CAUSE OF ACTION**

19         **Violation of the Unfair Competition Law - (Cal. Bus. & Prof. Code § 17200 et seq.)**

20         54.    Plaintiff incorporates by reference the above allegations set forth in the Complaint

21   as if fully set forth herein.

22         55.    The UCL prohibits unfair competition in the form of any "unlawful, unfair or

23   fraudulent business act or practice." *See*, Cal. Bus. & Prof. Code § 17200.

24         56.    The UCL permits "a person who has suffered injury in fact and has lost money or

25   property" to prosecute a civil action for violation of the UCL. This civil action may be brought

26   individually or on behalf of the injured individual and all others similarly situated who are affected

27   by the unlawful and/or unfair business practice or act. *See*, Cal. Bus. & Prof. Code § 17204.

28

57.     Since November 1, 2017, and continuing through and including the Relevant Period, Skinade has committed unlawful and/or unfair business acts or practices as defined by the UCL, by violating the ARL, specifically, Cal. Bus. & Prof. Code §§ 17602(a)(1)-(3) and 17602(b). The public policy underlying a UCL action under the unfair prong of the UCL is tethered to a specific statutory provision. *See*, Cal. Bus. & Prof. Code §§ 17600, 17602. In addition, besides offending an established public policy, Defendants' acts or practices are immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.   Further, the utility of Defendants' conduct is outweighed by the gravity of the harm to Plaintiff and Class members.

58.     Plaintiff has standing to pursue this claim because he suffered injury in fact and has lost money or property as a result of Defendants' actions as set forth herein. Plaintiff purchased Skinade's Products for personal and/or family purposes/use.

59.     Plaintiff and similarly situated Class members are entitled to enforce all applicable penalty provisions pursuant to Cal. Bus. & Prof. Code § 17202, and to obtain injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203.

60.     Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of himself and others similarly situated. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this action in the public interest. An award of reasonable attorneys' fees to Plaintiff is thus appropriate pursuant to California Code of Civil Procedure § 1021.5.

61.     Plaintiff, on behalf of himself and Class members, requests relief as described below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants and requests the following relief:

A.     That this Court Order a preliminary and permanent injunction enjoining Defendants from violating the UCL, Bus. & Prof. Code §§ 17200 et seq. and the ARL §§ 17600 et seq.;

B.      That this Court find and declare that Defendants have violated Cal. Bus. & Prof. Code § 17602(a)(1) by failing to present relevant automatic renewal offer terms in a clear and conspicuous manner and in the visual proximity to the request for consent to the offer before the subscription or purchasing agreement was fulfilled;

C.      That this Court find and declare that Defendants have violated Cal. Bus. & Prof. Code § 17602(a)(2) by charging Plaintiff's and Class Members' Payment Method without first obtaining their affirmative consent to the automatic renewal offer terms or continuous service terms;

D.      That this Court find and declare that Defendants have violated Cal. Bus. & Prof. Code § 17602(a)(3) by failing to provide an acknowledgment that includes the automatic renewal or continuous service offer terms and cancellation policy;

E.      That this Court find and declare that Defendants have violated Cal. Bus. & Prof. Code § 17602(b) by failing to provide an acknowledgment that describes a toll-free telephone number, electronic mail address, a postal address only when the seller directly bills the consumer, or another cost-effective, timely, and easy-to-use mechanism for cancellation;

F.      That this Court find and declare that Defendants have violated the UCL and committed unfair and unlawful business practices by violating Cal. Bus. & Prof. Code § 1702;

G.      That this Court Order a preliminary and permanent injunction requiring Defendants to take the steps necessary to bring us.skinade.com into compliance with the ARL;

H.      That this Court award reasonable attorneys' fees and costs and other expenses of suit pursuant to California Code of Civil Procedure § 1021.5, and/or other applicable law; and

1    I.      That this Court awards such other and further relief as it deems

2    necessary, just, proper, and appropriate.

3                           **DEMAND FOR JURY TRIAL**

4    Plaintiff hereby demands a jury on all issues which can be heard by a jury.

5

6    Dated: March 3, 2021                    **BRODSKY SMITH**

7

8                                            By:

9                                            Evan J. Smith (SBN242352)
                                             Ryan P. Cardona (SBN302113)
                                             9595 Wilshire Boulevard, Suite 900
10                                           Beverly Hills, CA 90212
                                             Telephone:      (877) 534-2590
11                                           Facsimile:      (310) 247-0160

12                                           *Attorneys for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

 **Superior Court of California, County of Los Angeles**

---

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

   The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

   *The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                     FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                    (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____ ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____ ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____ ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____ ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____ ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____ ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____ ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)
LASC Approved 04/11

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 2 of 2

Print          Save          Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:       FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.  File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii.  Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.  Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

---

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.    Be filed within two (2) court days of receipt of the Request; and

     iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

[ Print ]     [ Save ]                                    [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

[ Print ]  [ Save ]  [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____  ➤  _____
(TYPE OR PRINT NAME)                                       (ATTORNEY FOR PLAINTIFF)

Date:

_____  ➤  _____
(TYPE OR PRINT NAME)                                       (ATTORNEY FOR DEFENDANT)

Date:

_____  ➤  _____
(TYPE OR PRINT NAME)                                       (ATTORNEY FOR DEFENDANT)

Date:

_____  ➤  _____
(TYPE OR PRINT NAME)                                       (ATTORNEY FOR DEFENDANT)

Date:

_____  ➤  _____
(TYPE OR PRINT NAME)                                       (ATTORNEY FOR _____)

Date:

_____  ➤  _____
(TYPE OR PRINT NAME)                                       (ATTORNEY FOR _____)

Date:

_____  ➤  _____
(TYPE OR PRINT NAME)                                       (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | | Save | | Clear |
|---|---|---|---|---|

1
2
3
4
5
6

**FILED**
LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK
*N. Navarro*
BY NANCY NAVARRO, DEPUTY

7    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8    **FOR THE COUNTY OF LOS ANGELES**

9

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | )<br>)<br>)<br>)<br>) | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

14         Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

         Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

1   Whereas the Early Organizational Meeting Stipulation is intended to encourage
2   cooperation among the parties at an early stage in litigation in order to achieve
3   litigation efficiencies;
4   Whereas it is intended that use of the Early Organizational Meeting Stipulation
5   will promote economic case resolution and judicial efficiency;
6
7   Whereas, in order to promote a meaningful discussion of pleading issues at the
8   Early Organizational Meeting and potentially to reduce the need for motions to
9   challenge the pleadings, it is necessary to allow additional time to conduct the Early
10  Organizational Meeting before the time to respond to a complaint or cross complaint
11  has expired;
12
13  Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in
14  which an action is pending to extend for not more than 30 days the time to respond to
15  a pleading "upon good cause shown";
16  Now, therefore, this Court hereby finds that there is good cause to extend for 30
17  days the time to respond to a complaint or to a cross complaint in any action in which
18  the parties have entered into the Early Organizational Meeting Stipulation.  This finding
19  of good cause is based on the anticipated judicial efficiency and benefits of economic
20  case resolution that the Early Organizational Meeting Stipulation is intended to
21  promote.
22
23  IT IS HEREBY ORDERED that, in any case in which the parties have entered
24  into an Early Organizational Meeting Stipulation, the time for a defending party to
25  respond to a complaint or cross complaint shall be extended by the 30 days permitted
26
27
28

ORDER PURSUANT TO CCP 1054(a)

1 | by Code of Civil Procedure section 1054(a) without further need of a specific court

2 | order.

3

4 | DATED: *May 11, 2011*

5 | _____
Carolyn B. Kuhl, Supervising Judge of the

6 | Civil Departments, Los Angeles Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**03/03/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Lozano _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22STCV07754 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | David S. Cunningham | 11 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

Sherri R. Carter, Executive Officer / Clerk of Court

on 03/03/2022
   (Date)

By R. Lozano _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:              FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
        (INSERT DATE)                                                      (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____                    ➤ _____
            (TYPE OR PRINT NAME)                                         (ATTORNEY FOR PLAINTIFF)
Date:

_____                    ➤ _____
            (TYPE OR PRINT NAME)                                         (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➤ _____
            (TYPE OR PRINT NAME)                                         (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➤ _____
            (TYPE OR PRINT NAME)                                         (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➤ _____
            (TYPE OR PRINT NAME)                                         (ATTORNEY FOR _____)
Date:

_____                    ➤ _____
            (TYPE OR PRINT NAME)                                         (ATTORNEY FOR _____)
Date:

_____                    ➤ _____
            (TYPE OR PRINT NAME)                                         (ATTORNEY FOR _____)

Print        Save                                                                        Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:            FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

      iii.    Be filed within two (2) court days of receipt of the Request; and

      iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____)

[ Print ]  [ Save ]                    [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Print        Save        Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

[ Print ]   [ Save ]                    [ Clear ]

# FILED

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

General Order Re                    )    ORDER PURSUANT TO CCP 1054(a),
Use of Voluntary Efficient Litigation )    EXTENDING TIME TO RESPOND BY
Stipulations                        )    30 DAYS WHEN PARTIES AGREE
                                    )    TO EARLY ORGANIZATIONAL
                                    )    MEETING STIPULATION
_____)

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

1    Whereas the Early Organizational Meeting Stipulation is intended to encourage
2  cooperation among the parties at an early stage in litigation in order to achieve
3  litigation efficiencies;
4    Whereas it is intended that use of the Early Organizational Meeting Stipulation
5  will promote economic case resolution and judicial efficiency;
6
7    Whereas, in order to promote a meaningful discussion of pleading issues at the
8  Early Organizational Meeting and potentially to reduce the need for motions to
9  challenge the pleadings, it is necessary to allow additional time to conduct the Early
10  Organizational Meeting before the time to respond to a complaint or cross complaint
11  has expired;
12
13    Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in
14  which an action is pending to extend for not more than 30 days the time to respond to
15  a pleading "upon good cause shown";
16    Now, therefore, this Court hereby finds that there is good cause to extend for 30
17  days the time to respond to a complaint or to a cross complaint in any action in which
18  the parties have entered into the Early Organizational Meeting Stipulation.  This finding
19  of good cause is based on the anticipated judicial efficiency and benefits of economic
20  case resolution that the Early Organizational Meeting Stipulation is intended to
21  promote.
22
23    IT IS HEREBY ORDERED that, in any case in which the parties have entered
24  into an Early Organizational Meeting Stipulation, the time for a defending party to
25  respond to a complaint or cross complaint shall be extended by the 30 days permitted
26
27
28
                                    -2-

                        ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court

order.

DATED: _May 11, 2011_

_Carolyn B. Kuhl_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )   FIRST AMENDED GENERAL ORDER
– MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

1      d) Documents in Related Cases

2          Documents in related cases must be electronically filed in the eFiling portal for that case type if

3          electronic filing has been implemented in that case type, regardless of whether the case has

4          been related to a Civil case.

5   3) EXEMPT LITIGANTS

6      a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt

7         from mandatory electronic filing requirements.

8      b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of

9         Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused

10        from filing documents electronically and be permitted to file documents by conventional

11        means if the party shows undue hardship or significant prejudice.

12  4) EXEMPT FILINGS

13     a) The following documents shall not be filed electronically:

14        i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of

15              Civil Procedure sections 170.6 or 170.3;

16        ii)  Bonds/Undertaking documents;

17        iii)  Trial and Evidentiary Hearing Exhibits

18        iv)  Any ex parte application that is filed concurrently with a new complaint including those

19             that will be handled by a Writs and Receivers department in the Mosk courthouse; and

20        v)   Documents submitted conditionally under seal. The actual motion or application shall be

21             electronically filed. A courtesy copy of the electronically filed motion or application to

22             submit documents conditionally under seal must be provided with the documents

23             submitted conditionally under seal.

24     b) Lodgments

25        Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in

26  paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

27  //

28  //

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

    i) Depositions;

    ii) Declarations;

    iii) Exhibits (including exhibits to declarations);

    iv) Transcripts (including excerpts within transcripts);

    v) Points and Authorities;

    vi) Citations; and

    vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1   11)  SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3       Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4       Division of the Los Angeles County Superior Court.

5

6           This First Amended General Order supersedes any previous order related to electronic filing,

7       and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8       Supervising Judge and/or Presiding Judge.

9

10      DATED:  May 3, 2019                        _Kevin C. Brazile_

11                                                                    KEVIN C. BRAZILE
                                                                      Presiding Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2

       I am a citizen of the United States and resident of the State of California.  I am employed in Los Angeles, State of California, in the office of a member of the bar of this Court, at whose direction the service was made.  I am over the age of eighteen years and not a party to the within action.

3

4

       On April 6, 2022, I served the following documents in the manner described below:

5

**DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§1332 AND 1441; DECLARATION OF MARYAM DANISHWAR**

6

7

☐   (BY U.S. MAIL)  I am personally and readily familiar with the business practice of Clark Hill LLP for collection and processing of correspondence for mailing with the United States Parcel Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Los Angeles, California.

8

9

☐   (BY OVERNIGHT MAIL)  I am personally and readily familiar with the business practice of Clark Hill LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

10

11

12

☑   BY ELECTRONIC SERVICE:  By electronically mailing a true and correct copy through Clark Hill LLP's electronic mail system from mdanishwar@ClarkHill.com to the email addresses set forth below.

13

14

☐   (BY PERSONAL DELIVERY) I caused such envelope to be delivered by hand to the offices of each addressee below.

15

16

On the following part(ies) in this action:

17

Evan J. Smith, Esq.               Email: esmith@brodskysmith.com
Ryan P. Cardona, Esq.             rcardona@brodskysmith.com
Brodsky Smith
9595 Wilshire Blvd., Suite 900     ***Attorneys for Plaintiff***
Beverly Hills, CA 90212
Tel: (877) 534-2590
Fax: (310) 247-0160

18

19

20

21

       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22

       Executed on April 6, 2022, at Los Angeles, California.

23

24

*Hiba Hammad*
_____
     Hiba Hammad

25

26

27

28

---

7